UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH RAWLINS,

              Plaintiff,

   v.

DON MARLOW, et al.,

              Defendant.

CASE NO. 2:19-cv-01905-RSM-BAT

**REPORT AND RECOMMENDATION**

    Before the Court are defendants' motion for summary judgment filed May 1, 2020, Dkt. 25, and plaintiff's motion to compel discovery filed May 22, 2020. Dkt. 37. The motion for summary judgment is noted for May 29, 2020 and is ripe for review. Having considered the motions and the record, the Court recommends **GRANTING** defendants' motion for summary judgment and dismissing the case and **DENYING** plaintiff's motion for discovery.

    In this case, plaintiff submitted a *pro se* prisoner complaint on November 22, 2019, alleging defendants violated his rights by failing to protect him. Dkts. 1,7. Specifically, plaintiff claims he was placed into a tank in the Skagit County Jail known for high gang affiliation, there are security cameras monitoring activity in the tank, and other inmates assaulted him on April 2, 2018, due to defendants' failure to detect, prevent or respond to the assault. As relief plaintiff seeks "2.5 million dollars." *Id.* at 9.

REPORT AND RECOMMENDATION - 1

1   Defendants contend summary judgment should be granted because (1) plaintiff failed to
2   grieve his placement in the tank or the assault and injuries he now complains of and therefore did
3   not exhaust his administrative remedies and (2) defendants were unaware plaintiff was being
4   assaulted, were not deliberately indifferent to his safety and thus did not violate plaintiff's rights.
5   Dkt.

6   Plaintiff has not responded to defendants' summary judgment motion but filed a motion
7   to compel discovery contending the motion for summary judgment is an attempt to ignore
8   plaintiff's requests for discovery. Dkt. 37. Plaintiff's discovery motion does not indicate there is
9   any evidence that may show he failed to properly exhaust his administrative remedies regarding
10  the allegations herein. The Court accordingly recommends granting the motion for summary
11  judgement and dismissing the case without prejudice. The Court need not address defendants'
12  other grounds for dismissal on the merits. *See Albino v. Baca*, 737 F.3d 1162, 1171 (9th Cir.
13  2014) (If feasible, exhaustion should be decided before reaching the merits of a claim).

## BACKGROUND

**A.    The Complaint and Defendants' Assertions on Summary Judgment**

As noted above, plaintiff's complaint alleges he was placed into a tank in the Skagit County Jail known for high gang affiliation, there are security cameras monitoring activity in the tank, and other inmates assaulted him on April 2, 2018, due to defendants' failure to detect, prevent or respond to the assault. Dkt. 7.

Defendants do not dispute inmates assaulted plaintiff on April 2, 2018, but contend plaintiff never grieved his placement in the tank in which the assault occurred and never grieved lack of protection from the assault and that the Court should thus grant summary judgment because plaintiff failed to exhaust his administrative remedies. Dkt. 25. In support, defendants

submitted the declaration of Paulette Storie a Skagit County Jail corrections officer who is familiar with the jail's policies and procedures, reviews and processes inmate requests and grievances and manages the inmate classification section. Dkt. 26 (Storie Declation). In her declaration, Officer Storie avers plaintiff was placed into the Skagit County Jail after he was arrested for drive-by shooting, unlawful possession of a firearm in the first degree, distribution to a minor, hit and run attended, reckless driving and driving with a suspended license. *Id.* Skagit County Jail has an inmate classification policy that places new arrestees in the jail depending upon the seriousness of charges, criminal history and gang affiliation, and threats based upon information the new arrestee provides. *Id.* When plaintiff was booked into the Skagit County Jail he "provided no information at booking which merited separation from other inmates and was classified as a maximum custody offender." *Id*.

After being classified, plaintiff was initially housed in the "P-Pod." There are security cameras in P-Pod that record activity in the common areas outside each cell but the cameras can record only limited activity in each cell through the cell's door window. *Id.* On April 2, 2018, at 11:45 am, plaintiff completed an inmate request form which stated: "I NEED TO SPEAK W/A SGT. OR LEUTENANT PERSONALLY, PLEASE & THANK YOU." *Id.* An inmate request form is not a "grievance" form and when plaintiff submitted the request form he did not indicate a safety concern or fear of assault over his placement in the P-Pod. At 1:45 pm, plaintiff was informed he should "ask his rover" about the request he made. *Id.* Plaintiff did not file a grievance about his placement in the P-Pod.

Between 9:00 pm and 9:36 pm that day, an inmate periodically covered and uncovered the camera that had a view into plaintiff's cell. During periods when the camera was uncovered officers could see inmates looking through plaintiff's commissary and under his mattress as if

REPORT AND RECOMMENDATION - 3

they were looking for something. At 9:54 pm, officers looked into plaintiff's cell and saw him sitting on his bed. At midnight, plaintiff gave a note to an officer performing a regular safety check requesting:

> footage from tape from 9pm until 10 pm on cell P 107 I will need to speak with a civil atty before I can answer any questions. I do intend on pressing charges on each and everyone involved.

*Id.* (Attachment H)..

On April 3, 2018, plaintiff told a corrections officer that other inmates had assaulted him. The officer asked plaintiff why he did not press his cell's emergency button and plaintiff said because he was confused. Plaintiff told the officer the other inmates wanted 50 percent of plaintiff's commissary. Plaintiff was thereafter taken to the jail's medical office for screening and then to a local hospital. Plaintiff's observable injuries include a small swollen area on the top right side of the head and a superficial abrasion on the right side of the face. *Id.* (Attachment E).

After being treated at the hospital, plaintiff was returned to the Skagit County Jail and placed in medical cell C-104 for observation. Plaintiff remained at the Skagit County Jail until August 6, 2019 when he was transported to the Department of Corrections following his conviction and sentencing for felony convictions. During the time plaintiff was detained at the Skagit County Jail he filed numerous grievances including grievances over the medical care he received following the assault. However, plaintiff did not file any grievances regarding his placement in the P-Pod, the assault that occurred on April 2, 2018, or the actions of defendants prior to the assault. *Id.*

## SUMMARY JUDGEMENT STANDARDS

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

REPORT AND RECOMMENDATION - 4

56(a). The moving party carries the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. Thus "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square*

REPORT AND RECOMMENDATION - 5

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120.

Exhaustion of administrative remedies should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 737 F.3d 1162, 1170 (9th Cir. 2014).

In support of the motion for summary judgment, defendants filed the declaration of Ms. Storie. Ms. Storie avers Skagit County Jail has an inmate grievance procedure in which the inmate may submit grievances electronically. These submissions cannot be removed or altered by jail staff. Dkt. 26 (Attachment A). Additionally, a grievance must be submitted within 14 days

1  of the complaint or issue. *Id.* (Policy 610.3). Ms. Storie further avers plaintiff filed numerous
2  grievances while he was housed at the Skagit County Jail but did not file a grievance over his
3  placement in the P-Pod, the April 2, 2018 assault committed by other inmates, or whether
4  defendants failed to protect him from that assault.

5  Defendant contends, and the record supports the contention, plaintiff failed to properly
6  exhaust his administrative remedies regarding placement in the P-Pod, and the failure to protect
7  and the resultant assault. "Proper" exhaustion of administrative remedies is a prerequisite to
8  proceeding in this case. Proper exhaustion means plaintiff was required to comply "with [the
9  prison's] deadlines and other critical procedural rules because no adjudicative system can
10 function effectively without imposing some orderly structure on the course of its proceedings."
11 *Woodford v. Ngo*, 548 U.S. at 90-91. Additionally as the Court in *Jones v. Bock*, 549 U.S. 199,
12 218 (2007), stated, "[t]he level of detail necessary in a grievance to comply with the grievance
13 procedures will vary from system to system and claim to claim, but it is the prison's
14 requirements, and not the PLRA, that define the boundaries of proper exhaustion."

15 "There is no question that exhaustion is mandatory under the PLRA and that unexhausted
16 claims cannot be brought in court." *Id*. at 211. The exhaustion requirement is based on the
17 important policy concern that prison officials should have "an opportunity to resolve disputes
18 concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

19 Defendants have clearly established the Skagit County Jail has a grievance policy, and
20 although plaintiff filed numerous grievances during his detention in the Skagit County Jail, he
21 did not grieve his placement into the P-Pod, the assault that occurred on April 2, 2018, or the
22 conduct of the defendants before the assault occurred. Defendants have therefore established
23 plaintiff failed to properly exhaust his administrative remedies.

REPORT AND RECOMMENDATION - 7

1    The record also clearly establishes there are no ground to excuse plaintiff from properly exhausting his administrative remedies. Plaintiff passed an inmate request form to jail officers a number of hours before the assault occurred. He did not request defendants remove him from the pod in which he was housed due to "gang" activity and did not express fear of the other inmates. Shortly after the assault occurred, plaintiff passed another note to jail officers asking about surveillance tapes and how he needed a civil attorney to bring charges against those involved. Again, plaintiff did not indicate he had been assaulted and did not grieve the assault. Plaintiff eventually reported he was assaulted but did not grieve his placement in the pod or grieve the actions or lack of actions of the defendants prior to or during the assault. Hence despite having several opportunities to file a grievance regarding the alleged violations, the record shows plaintiff never grieved the alleged misconduct asserted here.

Plaintiff has presented nothing indicating he alerted the defendants before the assault or after the assault of the alleged misconduct by submitting a grievance regarding the allegations he now brings. To the extent he might claim he has, a "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data[,]" *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) ("Bald assertions that genuine issues of material fact exist are insufficient."). Hence unsupported claims plaintiff properly exhausted his administrative remedies are insufficient to defeat defendant's summary judgment motion.

In sum, § 1997e(a) requires plaintiff to properly exhaust his administrative remedies before raising a claim in a § 1983 complaint in federal court. Defendants have met their burden of showing plaintiff did not properly exhaust his administrative remedies as required by 42

REPORT AND RECOMMENDATION - 8

U.S.C. § 1997e(a). Plaintiff presents no evidence to the contrary and any conclusory statement that he did exhaust is legally insufficient.

Because plaintiff failed to properly exhaust his administrative remedies, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate. *See*, *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003), *overruled on other grounds in Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014) ("If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice.").

## CONCLUSION

For the foregoing reasons, the Court recommends Defendants' motion for summary judgment (Dkt. 25) be **GRANTED** and plaintiff's claim against all defendants be **dismissed without prejudice**. The Court also recommends plaintiff's motion to compel discovery (Dkt. 37) be **DENIED**. Plaintiff seeks discovery regarding the merits of his case. However, there is no discovery needed regarding plaintiff's failure to properly exhaust his administrative remedies. Plaintiff's personal knowledge of whether he exhausted the claim is knowledge he possesses, not unknown evidence he needs to discover. Plaintiff has not indicated and there is no evidence suggesting he exhausted his administrative remedies. As the Court should dismiss the case for failure to exhaust administrative remedies, the Court need not address further the merits of plaintiff's cases and discovery regarding the merits of the case.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.
REPORT AND RECOMMENDATION - 9

Objections, however, may be filed and served upon all parties no later than **June 12, 2020.** The Clerk should note the matter for **June 12, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of May, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10