1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   KEITH RAWLINS,

8                              Plaintiff,

9          v.

10  DON MARLOW, et al.,

11                             Defendant.

CASE NO. 2:19-cv-01905-RSM-BAT

**ORDER DENYING MOTION FOR APOINTMENT OF COUNSEL AND RENOTING MOTION FOR EXTENSION TO RESPOND**

12        In November 2019, plaintiff filed a 42 U.S.C. 1983 civil rights action. Dkt. 1. He now

13  moves for appointment of counsel, Dkt. 42, and for an extension to respond to defendants'

14  motion for summary judgment. Dkt. 40. For the reasons below, the Court denies the motion for

15  appointment of counsel and renotes the motion for an extension in order to provide defendants an

16  opportunity to respond.

17        **1.      Motion for appointment of counsel**

18         There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d

19  927, 931 (9th Cir. 1998). The Court may appoint counsel for civil litigants under 28 U.S.C. §

20  1915(e)(1), only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390

21  F.3d 1101, 1103 (9th Cir. 2004). The Court considers the likelihood of success on the merits and

22  the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

23

ORDER DENYING MOTION FOR
APOINTMENT OF COUNSEL AND
RENOTING MOTION FOR EXTENSION TO
RESPOND - 1

1    issues involved in assessing whether exceptional circumstances exist. *Weygandt v. Look*, 718

2    F.2d 952, 954 (9th Cir. 1983).

3        Plaintiff requests the Court appoint counsel contending he is indigent, it is difficult to

4    litigate the case while imprisoned, he must do significant research and has limited access to the

5    prison law library, and his property was mishandled when he was transferred from the local jail

6    to the prison. Dkt. 42. These contentions do not constitute "exceptional circumstances."  Rather

7    they involve circumstances applicable to virtually all prisoners. Additionally, plaintiff has filed

8    numerous motions, sought prior extensions, made discovery requests, and has thus demonstrated

9    the ability to adequately represent himself given the complexity of the case.

10       Plaintiff avers his case is "complex." He alleges defendants failed to protect him from

11   other inmates they knew were assaultive. This allegation does not raise a legal question of such

12   complexity that counsel should be appointed. Accordingly, appointment of counsel is not

13   presently justified.

14       **2.       Motion for extension of time**

15       Plaintiff also filed a motion for 60 additional days to respond to defendants' motion for

16   summary judgment on the grounds he is "discussing possible representation of counsel with

17   several different law firms and has recently received important discovery documents." Dkt. 40.

18       The motion for an extension was entered onto the docket in this case on June 3, 2020,

19   after the May 29, 2020 noting date for defendants' motion for summary judgment, and after the

20   Court filed its report and recommendation that the matter be dismissed for failure to exhaust

21   administrative remedies. Dkt. 39. In order to allow defendant the opportunity to respond to

22   plaintiff's motion for an extension, the Court renotes the motion from June 19, 2020 to June 26,

23   2020.

ORDER DENYING MOTION FOR
APOINTMENT OF COUNSEL AND
RENOTING MOTION FOR EXTENSION TO
RESPOND - 2

1    For the reasons discussed above, the Court **ORDERS**:

2    (1)    The motion for appointment counsel, Dkt. 42 is **DENIED.**

3    (2)    The motion for an extension of time to respond to the summary judgment motion

4  is **RENOTED** for **June 26, 2020.**

5    (3)    The Clerk shall provide a copy of this Order to the parties.

6    DATED this 15th day of June, 2020.

7

8    _____
     BRIAN A. TSUCHIDA
     United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING MOTION FOR
APOINTMENT OF COUNSEL AND
RENOTING MOTION FOR EXTENSION TO
RESPOND - 3