DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH RAWLINS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DON MARLOW, et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:19-cv-01905-RSM-BAT<br><br>**SECOND REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT** |

This is the second report and recommendation the Court has issued regarding defendants' motion for summary judgment filed May 1, 2020. Dkt. 25. The summary judgment motion was originally noted for May 29, 2020. Having received no response from plaintiff to the motion, the Court filed a report on May 29, 2020 recommending the case be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 39.

Thereafter, on June 3, 2020 plaintiff filed a motion for an extension of time to respond to the summary judgment motion, Dkt. 40, and on June 8, 2020, filed objections to the report and recommendation and a motion for appointment of counsel. Dkts. 41, 42. On June 12, 2020, the assigned district judge referred this case back to the undersigned to address plaintiff's motions for an extension to respond to the summary judgment motion and for appointment of counsel. Dkt. 46. On June 15, 2020, the Court denied plaintiff's motion for appointment of counsel, Dkt.

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 1

1   47; the same day, plaintiff resubmitted the motion for extension he previously filed, indicating

2   some pages were missing from the first pleading. Dkt. 48. On June 24, 2020, plaintiff filed a

3   "Declaration & Memorandum Opposing Summary Judgment. Dkt. 49.

4       The Court has denied plaintiff's motion for appointment of counsel, and plaintiff has filed

5   a response opposing defendants' motion for summary judgment. The Court accordingly struck

6   the motion for an extension of time to respond given plaintiff's response. Defendants' motion for

7   summary judgment which has been pending for over three months is therefore ripe for

8   consideration. Having considered the motion for summary judgment, plaintiff's response and the

9   record, the Court recommends **GRANTING** defendants' motion for summary judgment and

10  **DISMISSING** the case without prejudice.

11  **DISCUSSION**

12  **A.     Background**

13      On November 22, 2019, plaintiff submitted a *pro se* prisoner complaint, alleging

14  defendants violated his rights by failing to protect him. Dkts. 1,7. Specifically, plaintiff alleges

15  he was placed into a tank in the Skagit County Jail known for high gang affiliation, there are

16  security cameras monitoring activity in the tank, and other inmates assaulted him on April 2,

17  2018, due to defendants' failure to detect, prevent or respond to the assault. As relief plaintiff

18  seeks "2.5 million dollars." *Id.* at 9.

19      Defendants contend summary judgment should be granted because (1) plaintiff failed to

20  grieve his placement in the tank or the assault and injuries he now complains of and therefore did

21  not exhaust his administrative remedies and (2) defendants were unaware plaintiff was being

22  assaulted, were not deliberately indifferent to his safety and therefore did not violate plaintiff's

23  constitutional rights. Dkt. 25.

1    Defendants' motion for summary judgment was noted for May 29, 2010. The Court did

2 not receive a response from plaintiff as of the noting date, but did receive from plaintiff a motion

3 to compel discovery contending the motion for summary judgment was an attempt to ignore

4 plaintiff's requests for discovery. Dkt. 37. Plaintiff's discovery motion does not indicate there is

5 any evidence that may show he failed to properly exhaust his administrative remedies regarding

6 the allegations herein.

7    The Court filed its first report on May 29, 2020 recommending the case be dismissed for

8 failure to exhaust administrative remedies. After the report was filed, plaintiff moved for

9 appointment of counsel and an extension of time to respond to defendant's motion. The case was

10 referred back to the undersigned to address these motions.

11    On June 24, 2020, plaintiff filed a "Declaration & Memorandum Opposing Summary

12 Judgment."  In this memorandum plaintiff states he "wishes to specifically address the failure of

13 jail staff at S.C.C.J.C. to adequately monitor in the cell . . . and failure to respond to plaintiff's

14 two written requests for assistance. . . plaintiff also needs to address the extent of injuries which

15 were obtained during the assault." Dkt. 49. Plaintiff argues the facts alleged in his memorandum

16 "demonstrate deliberate indifference to the safety and wellbeing of the plaintiff." *Id.* In support

17 of his memorandum, plaintiff attached copies of medical records.

18    As the Court recommended in the report filed May 29, 2020, the case should be

19 dismissed for failure to exhaust administrative remedies. Plaintiff objected to this

20 recommendation and has also filed a response opposing summary judgment. However, plaintiff

21 presents no evidence that he informed defendants he should not be placed in or should be

22 removed from the cell prior to the assault, grieved placement into the cell that he claims

23

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 3

1  defendants knew presented a risk of assault to him or grieved the assault itself or the alleged

2  failure to monitor his cell.

3  The Court accordingly recommends granting defendants' motion for summary judgement

4  and dismissing the case without prejudice. The Court need not address defendants' other grounds

5  for dismissal on the merits. *See Albino v. Baca*, 737 F.3d 1162, 1171 (9th Cir. 2014) (If feasible,

6  exhaustion should be decided before reaching the merits of a claim).

7  **B.      The Complaint and Defendants' Assertions on Summary Judgment**

8  As noted above, plaintiff's complaint alleges he was placed into a tank in the Skagit

9  County Jail known for high gang affiliation, there are security cameras monitoring activity in the

10 tank, and other inmates assaulted him on April 2, 2018, due to defendants' failure to detect,

11 prevent or respond to the assault. Dkt. 7.

12 Defendants do not dispute inmates assaulted plaintiff on April 2, 2018, but contend

13 plaintiff never informed them of any dangers before the assault, and never grieved his placement

14 in the tank in which the assault occurred, or the alleged failure to protect plaintiff from the

15 assault and that the Court should thus grant summary judgment because plaintiff failed to

16 exhaust his administrative remedies. Dkt. 25. In support, defendants submitted the declaration of

17 Paulette Storie a Skagit County Jail corrections officer who is familiar with the jail's policies and

18 procedures, reviews and processes inmate requests and grievances and manages the inmate

19 classification section. Dkt. 26 (Storie Declation). In her declaration, Officer Storie avers plaintiff

20 was placed into the Skagit County Jail after he was arrested for drive-by shooting, unlawful

21 possession of a firearm in the first degree, distribution to a minor, hit and run attended, reckless

22 driving and driving with a suspended license. *Id.* Skagit County Jail has an inmate classification

23 policy that places new arrestees in the jail depending upon the seriousness of charges, criminal

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 4

1   history and gang affiliation, and threats based upon information the new arrestee provides. *Id.*

2   When plaintiff was booked into the Skagit County Jail, he "provided no information at booking

3   which merited separation from other inmates and was classified as a maximum custody

4   offender." *Id*.

5   After being classified, plaintiff was initially housed in the "P-Pod." There are security

6   cameras in P-Pod that record activity in the common areas outside each cell, but the cameras can

7   record only limited activity in each cell through the cell's door window. *Id.* On April 2, 2018, at

8   11:45 am, plaintiff completed an inmate request form which stated: "I NEED TO SPEAK W/A

9   SGT. OR LEUTENANT PERSONALLY, PLEASE & THANK YOU." *Id.* An inmate request

10  form is not a "grievance" form and when plaintiff submitted the request form, he did not indicate

11  a safety concern or fear of assault regarding his placement in the P-Pod. At 1:45 pm, plaintiff

12  was informed he should "ask his rover" about the request he made. *Id.* Plaintiff did not file a

13  grievance about his placement in the P-Pod or inform the jail that he feared assault and needed to

14  be moved to another unit.

15  Between 9:00 pm and 9:36 pm that day, an inmate periodically covered and uncovered

16  the camera that had a view into plaintiff's cell. During periods when the camera was uncovered

17  officers could see inmates looking through plaintiff's commissary and under his mattress as if

18  they were looking for something. At 9:54 pm, officers looked into plaintiff's cell and saw him

19  sitting on his bed. At midnight, plaintiff gave a note to an officer performing a regular safety

20  check requesting:

21  > footage from tape from 9pm until 10 pm on cell P 107 I will need
    > to speak with a civil atty before I can answer any questions. I do
22  > intend on pressing charges on each and everyone involved.

23  *Id.* (Attachment H).

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 5

1  The next day, on April 3, 2018, plaintiff told a corrections officer that other inmates had

2  assaulted him. The officer asked plaintiff why he did not press his cell's emergency button and

3  plaintiff said because he was confused. Plaintiff told the officer the other inmates wanted 50

4  percent of plaintiff's commissary. Plaintiff was thereafter taken to the jail's medical office for

5  screening and then to a local hospital. Plaintiff's observable injuries include a small swollen area

6  on the top right side of the head and a superficial abrasion on the right side of the face. *Id.*

7  (Attachment E).

8  After being treated at the hospital, plaintiff was returned to the Skagit County Jail and

9  placed in medical cell C-104 for observation. Plaintiff remained at the Skagit County Jail until

10  August 6, 2019 when he was transported to the Department of Corrections following his

11  conviction and sentencing for felony convictions. During the time plaintiff was detained at the

12  Skagit County Jail he filed numerous grievances including grievances over the medical care he

13  received following the assault. However, plaintiff did not file any grievances regarding his

14  placement in the P-Pod, the assault that occurred on April 2, 2018, or the actions of defendants

15  prior to the assault. *Id.*

16  **C. Summary Judgment Standards**

17  The Court shall grant summary judgment if the movant shows there is no genuine dispute

18  as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

19  56(a). The moving party carries the initial burden of production to demonstrate the absence of

20  any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070,

21  1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any

22  affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the

23  absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato*

*Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. Thus "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square*

**D.     Administrative Exhaustion Requirement**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 7

seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120.

Exhaustion of administrative remedies should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 737 F.3d 1162, 1170 (9th Cir. 2014).

In support of the motion for summary judgment, defendants filed the declaration of Ms. Storie. Ms. Storie avers Skagit County Jail has an inmate grievance procedure in which the inmate may submit grievances electronically. These submissions cannot be removed or altered by jail staff. Dkt. 26 (Attachment A). Additionally, a grievance must be submitted within 14 days of the complaint or issue. *Id.* (Policy 610.3). Ms. Storie further avers plaintiff filed numerous grievances while he was housed at the Skagit County Jail but did not file a grievance over his placement in the P-Pod, the April 2, 2018 assault committed by other inmates, or whether defendants failed to protect him from that assault.

Defendant contends, and the record supports the contention, plaintiff failed to properly exhaust his administrative remedies regarding placement in the P-Pod, the failure to protect and the resultant assault. "Proper" exhaustion of administrative remedies is a prerequisite to

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 8

proceeding in this case. Proper exhaustion means plaintiff was required to comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. at 90-91. Additionally as the Court in *Jones v. Bock*, 549 U.S. 199, 218 (2007), stated, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 211. The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Defendants have clearly established the Skagit County Jail has a grievance policy, and although plaintiff filed numerous grievances during his detention in the Skagit County Jail, he did not grieve his placement into the P-Pod, the assault that occurred on April 2, 2018, or the conduct of the defendants before the assault occurred. Plaintiff disagrees arguing he twice informed defendants. But the communications upon which plaintiff relies did not inform defendants of the danger of assault or need to move to another unit. In the first communication, plaintiff asked to speak with a sergeant or lieutenant; in the second he asked for surveillance footage and expressed a need to speak with a civil attorney. Neither communication contains any information that would have alerted defendants about a fear of assault, or the need to be moved to a different pod. Defendants have therefore established plaintiff failed to properly exhaust his administrative remedies.

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 9

1    The record also clearly establishes there are no ground to excuse plaintiff from properly
2  exhausting his administrative remedies. Plaintiff passed an inmate request form to jail officers a
3  number of hours before the assault occurred. He did not request defendants remove him from the
4  pod in which he was housed due to "gang" activity and did not express fear of the other inmates.
5  Shortly after the assault occurred, plaintiff passed another note to jail officers asking about
6  surveillance tapes and how he needed a civil attorney to bring charges against those involved.
7  Again, plaintiff did not indicate he had been assaulted and did not grieve the assault. Plaintiff
8  eventually reported he was assaulted, the day after it occurred, but did not grieve his placement
9  in the pod or grieve the actions or lack of actions of the defendants prior to or during the assault.
10 Hence despite having the opportunity to file grievance or request a change of cells before the
11 assault, the record shows plaintiff failed to inform defendants of the danger of assault before it
12 occurred and failed properly grieve the entire incident.
13   The record before the Court thus establishes that plaintiff has presented nothing
14 indicating he alerted the defendants before the assault or after the assault of the alleged
15 misconduct by submitting a grievance regarding the allegations he now brings. To the extent he
16 claims he has, a "summary judgment motion cannot be defeated by relying solely on conclusory
17 allegations unsupported by factual data[,]" *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
18 *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001); *see also Galen*
19 *v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) ("Bald assertions that genuine issues
20 of material fact exist are insufficient."). Hence unsupported claims plaintiff properly exhausted
21 his administrative remedies are insufficient to defeat defendant's summary judgment motion.
22 Moreover, as noted above, the two notes plaintiff passed to defendants contain no information
23 about a fear of assault, the need to be moved, or that an assault had or was about to occur.

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 10

1   In sum, § 1997e(a) requires plaintiff to properly exhaust his administrative remedies
2   before raising a claim in a § 1983 complaint in federal court. Defendants have met their burden
3   of showing plaintiff did not properly exhaust his administrative remedies as required by 42
4   U.S.C. § 1997e(a). Plaintiff presents no evidence to the contrary and any conclusory statement
5   that he did exhaust is legally insufficient.

6   Because plaintiff failed to properly exhaust his administrative remedies, and there is no
7   applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.
8   *See*, *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003), *overruled on other grounds in Albino*
9   *v. Baca,* 747 F.3d 1162 (9th Cir. 2014) ("If a prisoner has failed to exhaust his administrative
10  remedies, the appropriate remedy is dismissal without prejudice.").

## CONCLUSION

12  For the foregoing reasons, the Court recommends Defendants' motion for summary
13  judgment (Dkt. 25) be **GRANTED** and plaintiff's claim against all defendants be **dismissed**
14  **without prejudice**. The Court also recommends plaintiff's motion to compel discovery (Dkt. 37)
15  be **DENIED**. Plaintiff seeks discovery regarding the merits of his case. However, there is no
16  discovery needed regarding plaintiff's failure to properly exhaust his administrative remedies.
17  Plaintiff's personal knowledge of whether he exhausted the claim is knowledge he possesses, not
18  unknown evidence he needs to discover. Plaintiff has not indicated and there is no evidence
19  suggesting he exhausted his administrative remedies. As the Court should dismiss the case for
20  failure to exhaust administrative remedies, the Court need not address further the merits of
21  plaintiff's cases and discovery regarding the merits of the case.

SECOND REPORT AND
RECOMMENDATION ON SUMMARY
JUDGMENT - 11

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 20, 2020.** The Clerk should note the matter for **July 24, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 6th day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge